

## ACLU of New York

New York Civil Liberties Union
125 Broad St., 19th Fl.
New York NY 10004
(212) 607-3300
nyclu.org

August 28, 2024

**Via ECF**
The Honorable P. Kevin Castel
United States District Judge
United States District Court Southern District of New York
500 Pearl Street
New York, New York 10007

*There will be a conference in Courtroom 11D on September 4, 2024 at 11 a.m.*
*SO ORDERED*
*[signature] USDJ 8-28-24*

Re:   *M.G. v. Towns*, 24-cv-04051-PKC

Dear Judge Castel:

We represent the plaintiffs in this putative class action challenging the constitutionality of New York Executive Law § 259-c (14)'s 1,000 feet geographic restriction, also known as "SARA." The plaintiffs write in response to the defendants' request for a premotion conference on the anticipated motion to dismiss. The plaintiffs agree that a conference is necessary and submit that at that conference, the Court grant the plaintiffs' motion for limited expedited discovery and order the combined preliminary injunction and motion to dismiss briefing schedule proposed by the plaintiffs. *See* ECF No. 15. Additionally, because the defendants in their pre-motion letter primarily focus on whether prior caselaw was rightly decided and not the sufficiency of the facts alleged in the complaint, we will not be seeking leave to amend at this time.

As to the anticipated motion to dismiss, the defendants' arguments are likely to fail for several reasons. First, as judges in the Southern District of New York have already held, SARA imposes an unconstitutionally vague restriction on where individuals can travel. A statute is unconstitutionally vague in violation of the Fourteenth Amendment (1) "if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits;" or (2) "if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000).

Recently, both Magistrate Judge Barbara Moses and then-District Court Judge Alison Nathan ruled that the identical SARA condition applied to an individual plaintiff, in its application as a movement restriction, was unconstitutionally vague in both respects. *Yunus v. Robinson*, No. 17CV5839AJNBCM, 2018 WL 3455408, at *28 (S.D.N.Y. June 29, 2018), *R&R adopted*, No. 17-CV-5839 (AJN), 2019 WL 168544 (S.D.N.Y. Jan. 11, 2019). Like the plaintiffs here, the *Yunus* plaintiff was subject to a special condition of parole excluding him from "'school grounds,' defined to include public areas within 1,000 feet of a school." *Yunus*, 2019 WL 168544, at *12. This condition was imposed pursuant to SARA. *Id.* The plaintiff moved to enjoin the enforcement of this condition and the state defendants moved to dismiss his claim that the condition violated the Fourteenth Amendment. In denying the motion, the Magistrate Judge found that the plaintiff established a clear likelihood of success on his claim that SARA was unconstitutionally vague concerning where he could travel, and the District Court agreed. *Id.* at *14.

1

The district court held that SARA was unconstitutional as to travel because "it authorizes or even encourages arbitrary and discriminatory enforcement." *Id.* at *13 (quoting *Hill v. Colorado*, 530 U.S. 703, 732 (2000)). It explained that because "[t]he 1,000-foot rule encompasses vast swaths of New York City[,] [i]t would also cover innocent conduct . . . ." *Id.* Accordingly, "[t]his mandatory condition therefore places almost limitless discretion in the hands of Plaintiff's parole officers to arrest him for traveling almost anywhere in the city that he lives, raising precisely the concerns that void-for-vagueness doctrine seeks to prevent." *Id.*

*Yunus* was not an outlier in reaching this conclusion. Courts have affirmed that statutory applications must provide "sufficiently clear standards to eliminate the risk of arbitrary enforcement . . . ." *Farrell v. Burke*, 449 F.3d 470, 494 (2d Cir. 2006); *see, e.g., Cunney v. Board of Trustees of Village of Grand View*, 660 F.3d 612, 625 (2d Cir. 2011) (invalidating an ordinance that "provided . . . unfettered enforcement latitude"). Moreover, federal courts in other circuits have invalidated similar provisions to SARA on vagueness grounds for the same infirmities. *See Snyder v. Doe*, 101 F.Supp. 3d 672 (E.D. Mich. 2015); *Chapdelaine v. Neronha*, 662 F. Supp. 167 (D.R.I. 2023). *Yunus* reflects a straightforward application of established vagueness doctrine to an expansive and standardless application of SARA.

The defendants claim that other circuits have upheld laws like SARA in the face of similar challenges, but the opinions that the defendants cite did not address vagueness challenges. *See McGuire v. Marshall*, 50 F.4th 896, 1015 (11th Cir. 2022) (considering only an *Ex Post Facto* challenge); *Does v. Abbott*, 945 F.3d 301, 311-13 (5th Cir. 2019) (considering a procedural due process claim and other claims not raised here); *Vasquez v. Foxx*, 895 F.3d 515, 524-25 (7th Cir. 2018) (rejecting a substantive due process claim that individuals have the right to "establish a home"); *Shaw v. Patton*, 823 F.3d 556, 577 (10th Cir. 2016) (considering only an *Ex Post Facto* claim). *Doe v. Miller* is the only case that involves similar claims and was decided on a fulsome record after trial. 405 F.3d 700 (8th Cir. 2006). In *Miller* the plaintiffs asserted a substantive due process right to intrastate travel claim, the Eighth Circuit held that even if there was a right to intrastate travel it was not implicated by the Iowa law that only limited where certain people convicted of sexual offenses could reside. *See id.* at 713. This is plainly not the case here as New York's law restricts both movement and residence.

It is beyond dispute that the plaintiffs here are subject to the same condition the court held unconstitutional in *Yunus*. ECF No. 1, Compl. ¶¶ 6-9. Plaintiffs have pled facts showing that SARA significantly undermines their ability to travel within their cities. For example, Plaintiff J.M. has been told by his parole officer that he cannot travel within 1,000 feet of a school, and he has identified many places to which he is unsure whether he can travel without violating SARA. ECF No. 1, Compl. ¶¶ 97-100. These facts alone should be sufficient to defeat the defendants' contemplated motion to dismiss. Because *Yunus* is squarely on point, and is persuasively supported by prevailing caselaw, the plaintiffs have pled sufficient facts to support a plausible claim that SARA is unconstitutionally vague concerning where they may travel.

As Judge Nathan observed, SARA prohibits the plaintiffs from entering "vast swaths of New York City," and covers "innocent conduct" like entering the courthouse at 500 Pearl Street. *Yunus*, 2019 WL 168544, at *13. This radically expansive coverage confers virtually limitless

discretion on the plaintiffs' parole officers to decide whether to reincarcerate the plaintiffs for their innocent movement throughout their communities. Moreover, SARA fails to give the plaintiffs adequate notice as to what it prohibits, violating the other prong of the vagueness standard. *See Hill*, 530 U.S. at 732. SARA is silent as to whether knowingly entering a portion of a structure or location that is outside of the exclusion zone, while there is a portion of that location that is within the exclusion zone, violates SARA. For example, plaintiff J.M. doesn't know whether he can go to the portions of Washington Park not within 1,000 feet of a school because a portion of the park is within 1,000 feet of a school. ECF No. 1, Compl. ¶ 99. He is therefore forced to choose between risking reincarceration or potentially abstaining from conduct in which he is lawfully entitled to engage. Thus, the application of SARA to the plaintiffs' movement is unconstitutionally vague twice over: it fails to give the plaintiffs adequate notice as to what it prohibits and confers unbounded enforcement discretion on their parole officers.

Second, SARA is unconstitutionally vague as applied to where the plaintiffs may reside. SARA does not provide sufficient clarity on how to measure 1,000 feet for purposes of determining compliant residences. ECF No. 1, Compl. ¶¶ 25-33. Plaintiffs M.G., B.Z., and J.L. have pled that although they are actively looking for housing, they have been rendered indefinitely homeless because they cannot tell which homes are SARA-compliant. Moreover, for the plaintiffs and the putative class, determining which homes are complaint is not just a matter of submitting an address to their parole officer for preclearance using a computer program called CIRIS. The plaintiffs here have pled that in addition to CIRIS, the defendants use a subjective, standardless visual inspection method to determine if a residence is compliant. *Id.* ¶¶ 27-28. The visual inspection negates any certainty provided by CIRIS and has contributed to a system where some people, like Plaintiff J.M., are approved for housing that violates SARA and then are forced to choose between eviction or reincarceration. *Id.* ¶¶ 97-103. The plaintiffs have pled facts sufficient to demonstrate that the defendants' preclearance system is subjective and does not cure the unconstitutional vagueness of SARA's application to where the plaintiffs may reside. Thus, as with SARA's application to movement, SARA's application to the plaintiffs' residence suffers a twofold vagueness problem. It relies on standardless visual inspections that (1) fail to provide the plaintiffs with adequate guidance as to what conduct is prohibited; and (2) confer limitless enforcement discretion on the plaintiffs' parole officers.[1]

Further, the plaintiffs have pled facts sufficient to support a claim that SARA violates the Fourteenth Amendment because it lacks a rational basis. The plaintiffs pled that empirical research has conclusively determined that geographic restrictions do not advance public safety; in fact, they make society less safe by preventing formerly incarcerated people from accessing the basic resources they need to reintegrate into society. ECF No. 1, Compl. ¶ 55. The plaintiffs have also pled that SARA is not rational because it blanketly applies to many people who have not sexually offended against minors, as well as those who have not offended against minors who are strangers to them. These individuals pose little risk of using their proximity to a school to reoffend. *Id.* Given

---

[1] While the *Yunus* court dismissed the plaintiff's claim that SARA was unconstitutionally vague concerning where he could reside, this decision was based on case-specific facts that do not apply here. There, the record before the court established that prior to approving the plaintiff's residence, a parole officer would determine if it was SARA-compliant by putting the address through CIRIS. *Yunus*, 2018 WL 3455408, at *26. Here, the plaintiffs have pled facts establishing that the defendants employ a standardless visual inspection process in addition to CIRIS. These facts were not raised in *Yunus*.

3

that the plaintiffs have pled facts that negate any rational basis for the law, dismissal would be inappropriate at this stage. *See Winston v. City of Syracuse*, 887 F.3d 553, 561, 566 (2d Cir. 2018) (holding that in most rational basis cases, courts "review the matter after summary judgment").

Finally, the defendants' assertion of quasi-judicial immunity is misguided. The plaintiffs seek relief enjoining the enforcement of an unconstitutionally vague statute, for which no judicial immunity attaches. *See, e.g., Jones v. Stanford*, 489 F.Supp.3d 140, 154 (E.D.N.Y. 2020) (enjoining enforcement of New York's Electronic Security Targeting of Online Predators Act, N.Y. Exec. Law § 259-c(15), and DOCCS Directive 9201 as conditions of community supervision for certain people subject to SORA); *Yunus*, 2019 WL 168544 (enjoining certain applications of SARA).

\* \* \*

The plaintiffs join the request for a premotion conference on the motion to dismiss as well as the motion for expedited discovery. At the conference, this Court should grant the plaintiffs' request for limited expedited discovery in support of their anticipated motion for a preliminary injunction as well the plaintiffs' proposed combined briefing schedule.

Sincerely,

By: */Daniel Lambright*
Daniel R. Lambright
Rubin Danberg Biggs
Kathryn K. Sachs
Molly K. Biklen
New York Civil Liberties Union
    Foundation
125 Broad Street, 19th Floor
New York, N.Y. 10004
(212) 607-3300
dlambright@nyclu.org

*Attorneys for Plaintiffs*

4