UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.G., B.Z., J.L., and J.M., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>DARRYL C. TOWNS, in his official capacity as Chairperson of the Board of Parole; DANIEL F. MARTUSCELLO III in his official capacity as the Acting Commissioner of the Department of Corrections and Community Supervision,<br><br>Defendants. | No. 24 Civ. 4051 (PKC)<br><br>**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER** |

*Resubmit in compliance with Individual Practice of N.Y.*
*SO ORDERED.*
*USDJ 10-14-25*

**WHEREAS** the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY STIPULATED, AGREED, and ORDERED** that the following restrictions and procedures shall apply to the information, testimony, and documents produced by the Parties, and as appropriate, non-parties, in this action:

1. As used herein, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2. As used herein, the term "Personally Identifying Information" ("PII") includes any representation of information that permits the identity of an individual to whom the information applies to be reasonably inferred by either direct or indirect means (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used

for identity theft). PII exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

**CONFIDENTIAL MATERIALS**

3. As used herein, the term "Confidential Material" shall mean documents produced from the records of M.G., J.M., the New York State Department of Corrections and Community Supervision ("DOCCS"), and the Board of Parole and the information contained therein, the disclosure of which, in the good faith opinion of the producing person, would (i) jeopardize correctional or institutional safety or security, (ii) contain information that is confidential under state or federal law, including under Federal Rule of Civil Procedure 26, or (iii) contain sensitive personal information pertaining to Defendants or Plaintiffs, current or former employees of DOCCS and/or the Board, and currently or formerly incarcerated individuals.

4. A party may designate documents and witness testimony as Confidential Material, ("CONFIDENTIAL"), any information, document, or thing, or portion of any document or thing produced by that party, which that party believes, in good faith, should be so designated because necessary to protect the interests of the client from disclosure of information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"), or would contain information that is confidential under state or federal law, which shall be referred to hereafter as "Confidential Material."

5. As for Confidential Material only, counsel for Plaintiffs may allow Plaintiffs to view and inspect Confidential Material as necessary to prosecute this action. However, Plaintiffs shall not retain copies of Confidential Material.

6. Access to Confidential Material shall be limited to:

    a. Counsel for the parties to this action and counsels' employees and independent contractors to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiffs or Defendants (as applicable); except that, prior to any such independent contractors being given access to Confidential Material, such persons shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

    b. Individual employees of DOCCS or the Board to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS or the Board;

    c. The Court, its employees (including Court reporters), and its officers;

    d. Any other person who was an author, sender, addressee(s) (including *via* "cc"), designated recipient, or source of the Confidential Material;

    e. Stenographers and videographers hired for purposes of transcribing depositions;

    f. Any other person(s) agreed to in writing by counsel for the parties, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto; and

    g. Defendants and Plaintiffs.

    **HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

7. A party may further designate any Confidential Material that contains highly-sensitive information as "Attorney's Eyes Only," including but not limited to, the following categories:

a. Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity, except for any training materials relating to how to interpret or enforce N.Y. Executive L. § 259-c(14) subject to provision 4;

b. Health care (including, but not limited to, drug or substance abuse records), mental health care, and labor relations records that contain PII concerning any employee of DOCCS, any incarcerated individual in the custody of DOCCS, or any person subject to community supervision by DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced, and provided that, for any records that constitute law enforcement disciplinary records as defined in NYS Public Officers Law ("POL") § 86, such records shall be redacted consistent with obligations under POL §§ 89 and 96;

c. Personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counseling, which would not otherwise be subject to a public right of access under the Freedom of Information Law ("FOIL"), Article 6 (Sections 84-90). Further, provided that, for any records that constitute law enforcement disciplinary records as defined in POL § 86, such records shall be redacted consistent with obligations under POL §§ 89 and 96;

d. Directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are not publicly available and are classified as "D" within

  the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

  e. DOCCS training materials that are not publicly available and refer to or concern correctional, community supervision or institutional safety, or security;

  f. Any other records, photographs, videos, maps, diagrams or materials that Defendants believe would compromise the safety or security of a DOCCS facility or office if disclosed to an incarcerated individual in the custody of DOCCS and/or the general public.

8. The disclosure of Attorney's Eyes Only material shall be limited to:

  a. Attorneys for Plaintiffs;

  b. Defendants and attorneys for Defendants;

  c. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

  d. The Court, including court personnel; and

  e. Any other person agreed to by the Producing Party.

  Before any disclosure is made to a person listed in subparagraph (c)-(d) above, the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order and such person shall consent in writing, in the Certification annexed hereto, not to use the Attorney's Eyes Only materials for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Attorney's Eyes Only materials except in testimony taken in this case. The signed consent shall be retained by counsel for the party disclosing the information.

9. Transcripts of depositions taken in this Action, together with any exhibits, will be treated as Confidential Material and Attorney's Eyes Only in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential Material and/or Attorney's Eyes Only specific portions of the transcript, by page and line, together with any deposition exhibits which contain Confidential Material referred to therein. Such designations must be provided to opposing counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material or Attorney's Eyes Only. Nothing contained herein shall remove a previous Confidential Material or Attorney's Eyes Only designation from any exhibit mentioned, referenced, marked, identified or otherwise utilized during the deposition.

10. Notwithstanding the treatment as Confidential Material or Attorney's Eyes Only, with respect to personnel, health care or mental health care records that contain PII concerning any employee of DOCCS or any incarcerated individual in the custody of DOCCS, to the extent that unauthorized disclosure of such information would violate N.Y. Civ. Rights Law § 50-a, the Health Insurance Portability and Accountability Act ("HIPAA") and N. Y. State Mental Hygiene Law § 33.13, it is understood that the names, residence addresses, employee insurance information, Social Security numbers, NYSID and FBI numbers and/or Department Identification Numbers ("DIN") of any employee, incarcerated individual, or other person who has not provided Defendants with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by Defendants or non-parties.

11. An inadvertent failure to designate documents as Confidential Material or Attorney's Eyes Only material may be corrected by promptly, upon learning of the failure, providing supplemental written notice to the receiving Party, who thereafter shall treat such document as if it they had been properly designated originally; provided, however, that the producing party shall promptly, upon learning of the failure and providing the herein notice, reproduce the material with the appropriate designation. In the event that such information will have been disclosed to individuals not entitled to access "Highly Confidential – Attorney's Eyes Only," the party failing to make the initial designation may request that the receiving party retrieve the documents from such recipients.

12. If a party designates any document as "Confidential" or "Highly Confidential – Attorney's Eyes Only" after it has already been produced without such designation, the prior release shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information, once designated as Confidential Material and/or Attorney's Eyes Only, shall be treated hereafter as Confidential Material and/or Attorney's Eyes Only, unless the parties resolve, or the Court issues a ruling, that such document or information is not Confidential. The producing party shall produce to the other parties substitute copies of such documents which shall be clearly marked as "Confidential" or "Highly Confidential – Attorney's Eyes Only." The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return, and certify the destruction or return, to the producing party all copies, both hardcopy and electronic, of the previously produced documents.

13. In the event a party challenges another party's or a non-party's designation of Confidential Material and/or Attorney's Eyes Only, counsel shall make a good faith effort to resolve the

dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court, provided that such application is made within thirty days of receipt of said designated material. If an application to the Court is made, the Court's procedures for resolving discovery disputes shall be followed. Material designated as Confidential Material and/or Attorney's Eyes Only shall be treated as such until either the parties agree or the Court rules otherwise.

14. Confidential Material or Attorney's Eyes Only material produced pursuant to the terms of this Stipulation and Protective Order shall be utilized by the receiving party and their counsel solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof. Nothing in this Protective Order constitutes an admission by any party or non-party that Confidential Material disclosed in this action is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Material.

15. Confidential Material and Attorney's Eyes Only designated material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by a Court.

16. If an individual employee of DOCCS in the ordinary course of performing their daily job duties, unrelated to this litigation, discloses records containing any of the Confidential Material listed in this Order, such discovery and/or disclosure shall not be deemed a violation or waiver of this Order.

17. Confidential Material or Attorney's Eyes Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's counsel, provided, however, that in the event that Plaintiff's counsel intends to

publish documents containing Confidential Material or Attorney's Eyes Only material or that contain Confidential Material or Attorney's Eyes Only material obtained from such documents in response to such order, Plaintiff's counsel shall serve notice of such order upon Defendants' counsel, identifying by Bates numbers the documents it intends to publish, not less than ten (10) business days prior to the production thereof, to give Defendants the opportunity to seek a protective order against such production.

18. Except as consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential Material shall not be released or disclosed in any manner to any person who is or was an incarcerated individual in the custody of DOCCS, except Plaintiffs.

19. The Confidential Material or Attorney's Eyes Only material shall not be disclosed in open court without first affording Defendants' counsel an opportunity to contest disclosure and/or admissibility of such Confidential Material or Attorney's Eyes Only material.

20. If Plaintiffs' attorneys intend to file with the Court any papers that attach, enclose, or contain Confidential Material or Attorney's Eyes Only material (as defined in this Stipulation and Protective Order), and Defendants' attorneys do not provide consent in writing, Plaintiff's attorneys shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion. However, all papers filed with the Court that constitute or contain documents designated "Highly Confidential – Attorney's Eyes Only" may be filed publicly, without redaction and not under seal, or introduced into evidence, without redaction and not under seal, if agreed to by the parties in writing or if otherwise ordered by the Court.

21. If any Party or, as appropriate, non-party, intends to disclose Confidential Material during any hearing or trial before the Court, including through argument, filings, or the presentation of evidence, such Party or, as appropriate, non-party, may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Material.

22. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this action, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure. However, nothing herein shall be deemed to waive the right of the receiving party to dispute the producing party's claim of privilege.

23. Within one hundred twenty (120) days of the conclusion of this Action, including appeals, Plaintiff's counsel shall either return to Defendants' counsel all Confidential Material and/or Attorney's Eyes Only material, and any copies thereof, in their custody, possession or control and any documents containing Confidential Material and/or Attorney's Eyes Only material, in whole or in part, and any copies made therefrom or shall notify Defendants' counsel in writing that all such material has been destroyed. Notwithstanding the foregoing, Plaintiff's counsel may retain: (1) attorney work product that refers to or relates to Confidential Material and/or Attorney's Eyes Only material and (2) copies of all documents filed with the Court, including documents filed under seal. Any retained

Confidential Material and/or Attorney's Eyes Only material will continue to be protected by this Stipulation and Protective Order.

24. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order.

Dated: October 10, 2025

**LETITIA JAMES**
Attorney General of the
State of New York
*Attorney for Defendants*

By: /s/ Michael J. Keane
Michael J. Keane
Samuel A. Blaustein
Assistant Attorneys General
28 Liberty Street, 18th Floor
New York, New York 10005
Michael.Keane@ag.ny.gov
Samuel.Blaustein@ag.ny.gov
(212) 416-8177

**NEW YORK CIVIL LIBERTIES UNION FOUNDATION**
*Attorneys for Plaintiffs M.G. and J.M.*

By: /s/ Claire E. Molholm
Claire E. Molholm
Daniel R. Lambright
Molly K. Biklen
125 Broad Street, 19 FL
New York, New York 10004
Phone: (212) 607-3300
cmolholm@nyclu.org
dlambright@nyclu.org
mbiklen@nyclu.org

**SO ORDERED:**

_____
Hon. P. Kevin Castel, U.S.D.J.

## CERTIFICATION

I certify my understanding that Confidential Material and/or Attorney's Eyes Only material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in *M.G. v. Towns*, 24 Civ. 4051 (PKC), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read this Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material and/or Attorney's Eyes Only material, including but not limited to any notes or other transcriptions made of Confidential Material and/or Attorney's Eyes Only material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____
_____
ADDRESS

_____
TELEPHONE NUMBER